# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IVON ANDREA RIVAS TABBAKH,

      Petitioner,

v.                                                                      No. 2:26-cv-00214-DHU-JHR

DORA CASTRO, in her official capacity as
Warden, Otero County Processing Center;
MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of the El Paso
Field Office of Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement; TODD M. LYONS, in his official
capacity as Acting Director, Immigration and
Customs Enforcement, U.S. Department of
Homeland Security; KRISTI NOEM, in her
official capacity as Secretary, U.S. Department of
Homeland Security; and PAMELA BONDI, in her
official capacity as Attorney General of the United
States,

      Respondents.

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Ivon Andrea Rivas Tabbakh's Petition

for Writ of Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that she has been

unlawfully detained without an opportunity for a bond hearing, in violation of the Immigration

and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 68-75.[1]

Petitioner asks this Court to order Respondents to release her, or in the alternative, order

---

[1] Petitioner also alleges that Respondents have unlawfully detained her in violation of their own
regulations. *Id.* ¶¶ 76-78. However, because the Court grants Petitioner's Habeas Petition on her
INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error."
*Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Respondents to provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days. *Id.* at 16 ¶ 5. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner Ivon Andrea Rivas Tabbakh's Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

## I.
## BACKGROUND

1. Petitioner Ivon Andrea Rivas Tabbakh is a native and citizen of Venezuela who entered the United States without inspection on or about September 30, 2022. *Id.* ¶ 32. Since her entry, Petitioner has not accrued any criminal history. *Id.* ¶ 35.

2. Shortly after her entry, Petitioner encountered Immigration and Customs Enforcement ("ICE") and was detained. *Id.* ¶ 33.

3. Petitioner was issued a Notice to Appear and placed in removal proceedings. Doc. 1-3. Her Notice to Appear charged her as a noncitizen present in the United States who had not been admitted or paroled. *Id.* at 1.

4. On October 1, 2022, Petitioner was released on a form of parole, which expired on November 30, 2022. Doc. 1-4.

5. On May 26, 2023, Petitioner filed an Application for Asylum, Withholding of Removal, and for Withholding Under the Convention Against Torture. Doc. 1 ¶ 36.

6. On or about December 8, 2025, Petitioner appeared at an ICE office in Chicago, Illinois, where she was detained. *Id.* ¶ 37.

7. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained.  Doc. 1-2.

On January 30, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. Doc. 1. In her Petition, Petitioner contends that her detention is governed by 8 U.S.C. § 1226(a). *Id.* ¶¶ 59, 71-75. Petitioner argues that she was not seeking admission when she was detained but was, instead, already in the interior of the country. *Id.* ¶¶ 64, 66. She further argues that her detention without a bond hearing violates her due process rights. *Id.* ¶ 69. She requests that the Court: 1) assume jurisdiction over this matter; 2) order that she not be transferred outside of this District; 3) issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three (3) days; 4) declare that her detention is unlawful; and 5) issue a Writ of Habeas Corpus ordering Respondents to release her from custody of provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause within seven (7) days. *Id.* at 16.

On February 16, 2026, USA Respondents filed their response to the Petition for Writ of Habeas Corpus. Doc. 8. Warden Castro joined the response. Doc. 5. In their response, Respondents do not dispute the facts laid out in the Habeas Petition. *See* Doc. 9. Respondents also concede that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 1. Relying on the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because she was present in the United States without being admitted or paroled when she was detained. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

3

On May 15, 2026, with this Court's permission, Petitioner filed a reply. Doc. 13. In her reply, Petitioner reiterates her arguments that her detention is governed by § 1226(a) and that she is, therefore, entitled to a bond hearing, and that her continued detention without a bond hearing violates her due process rights. *Id.* at 2-3.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that she is being detained in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

Given that Respondents concede that the facts of this case are not materially distinguishable from *Requejo Roman* for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention, this Court's conclusion is the same as the conclusion in that case. Accordingly, following this Court's decision in *Requejo Roman*, the Court holds that noncitizens already present in the United States who entered without inspection are subject to

discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. [2] Petitioner, who entered the United States over three years ago, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived her of her due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, July 9, 2026, she shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*.

---

[2] The Court notes that the Tenth Circuit Court of Appeals recently analyzed this issue and reached the same conclusion. *See Santillan Quiroz v. Mullin*, --F.4th--, 2026 WL 1876709 (10th Cir. June 30, 2026).

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Friday, July 10, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

                           _____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE